**Eutiquio Acevedo MENDEZ; et al., Plaintiffs-Appellees,**

**and**

**Los Angeles Times Communications LLC; et al., Intervenors-Appellees,**

**and**

**ACLU of Southern California; et al., Movants-Appellees,**

**v.**

**The CITY OF GARDENA, Erroneously Sued As The City of Gardena; et al., Defendants-Appellants.**

**No. 15-56090**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted February 6, 2017 Pasadena, California

Filed February 13, 2017

Mark Richard Pachowicz, I, Esquire, Attorney, Law Offices of Mark Pachowicz, Camarillo, CA, R. Samuel Paz, Law Offices of R. Samuel Paz, Culver City, CA, for Plaintiff-Appellee Eutiquio Acevedo Mendez

Mark Richard Pachowicz, I, Esquire, Attorney, Law Offices of Mark Pachowicz, Camarillo, CA, for Plaintiff-Appellee Jose Amador

Sonia Maria Mercado, Law Offices of R. Samuel Paz, Culver City, CA, Mark Richard Pachowicz, I, Esquire, Attorney, Law Offices of Mark Pachowicz, Camarillo, CA, for Plaintiffs-Appellees Ricardo Diaz Zeferino, Juan Jesus Diaz, Bonifacia M. Zeferino

Daniel A. Laidman, Esquire, Kelli L. Sager, Esquire, Attorney, Rochelle Lyn Wilcox, Esquire, Partner, Davis Wright Tremaine LLP, Los Angeles, CA, for Intervenors-Appellees Los Angeles Times Communications LLC, The Associated Press, Bloomberg LP

Scott Wm. Davenport, Mildred Katherine O'Linn, Esquire, Attorney, Manning & Kass, Ellrod, Ramirez, Trester LLP, Los Angeles, CA, for Defendants-Appellants The City of Gardena, Edward Medrano, Christopher Calvin Cuff, Christopher Anthony Mendez, Christopher Andrew Sanderson, Matthew Steven-Fong

Peter Bibring, Esquire, ACLU of Southern California, Pasadena, CA, for Movant-Appellee

Bruce D. Brown, Reporters Committee for Freedom of the Press, Washington, DC, for Amicus Curiae Reporters Commit-

tee for Freedom of the Press, and 26 Media Organizations

Before: KLEINFELD, IKUTA, and NGUYEN, Circuit Judges.

## MEMORANDUM *

The City of Gardena, California (Gardena) appeals the district court's denial of a temporary stay pending appeal of a post-judgment order granting a motion to intervene and granting a motion to unseal certain evidence in the summary judgment record. We have jurisdiction under 28 U.S.C. § 1291 because the district court's post-judgment order "disposed completely of the issues raised in the post-judgment proceedings." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

On appeal, Gardena challenges only the district court's denial of a temporary stay pending appeal. Gardena concedes that its appeal is moot unless it falls within the exception for cases capable of repetition, yet evading review. To satisfy the "capable of repetition" prong of this doctrine, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam). Gardena failed to make such a showing; it did not attempt to demonstrate a reasonable expectation or probability of recurrence in its opening brief, and it conceded at oral argument that it could not offer evidence that there is a reasonable expectation that it will be subject to the same action again. Accordingly, we cannot say that the issue presented here is capable of repetition, yet

evading review, and we must dismiss the appeal as moot.

**DISMISSED**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.